**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**TACITA WIMSATT, individually and as the
guardian and next friend of DEMONTARIUS
IRBY, KIHRIESHA IRBY, MICURRA IRBY,
DAZIHYEISHA IRBY, and DAVID IRBY, JR.**                    **PLAINTIFFS**

**V.**                                        **CIVIL ACTION NO. 1:10-CV-169-SA-JAD**

**FOUNTAINBLEAU MANAGEMENT
SERVICES, LLC**                                          **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

Currently before the Court are Defendant's Motion to Dismiss or for More Definite Statement [10], Motion to Strike [20], and Motion to Dismiss or for More Definite Statement and to Strike [24].  For the reasons stated below, the Court denies Defendant's Motion to Dismiss or for More Definite Statement [10] and Motion to Strike [20] as moot.  The Court also denies Defendant's Motion to Dismiss or for a More Definite Statement, and to Strike [24].

<u>**I. BACKGROUND**</u>

Plaintiffs moved into an apartment at the Evergreen Square Apartments in Tupelo, Mississippi, in 2006.  They allege that they immediately experienced problems with:

> . . . damaged carpets, water leaks, broken appliances, faulty electrical systems, broken plumbing fixtures, HVAC problems, unsafe and unsanitary cabinetry and flooring, repeated sewage backups resulting in the expulsion of human feces and other wastes into the apartment, flooding, mold, noxious odors and insect infestations.

Plaintiffs allege that problems with plumbing and mold were common among the Evergreen Square Apartments – to the degree that in mid-summer 2008, only 162 of the 257 apartments were deemed

1

habitable by the Tupelo Department of Planning and Development.

Plaintiffs claim that in spite of Plaintiff Tacita Wimsatt's requests to repair the problems in the apartment, Defendant's employees never made needed repairs. Plaintiffs also claim that when Wimsatt complained about the maintenance issues, Defendant ignored her and threatened to evict her if she did not pay her rent on time. Two of Defendant's employees allegedly told Wimsatt that the problems with the apartment were not being repaired because Defendant's home office refused to provide the necessary funds.

In an effort to improve the apartment complex's living conditions, Wimsatt began circulating a petition among the complex's residents. The petition asked the City of Tupelo Planning Department to investigate the conditions at the apartment complex, and it also asked the complex's management to correct the problems. Plaintiffs allege that the apartment complex's managers began to make false accusations against Wimsatt after learning of the petition. Specifically, Plaintiffs claim that Defendant's employees "concocted incidents" and placed "infraction reports" in Wimsatt's tenant file. Thereafter, Defendant served Wimsatt with a notice of eviction and filed suit in Lee County Justice Court to have her removed from the property.

Plaintiffs filed a Complaint in the County Court of Lee County, Mississippi, on June 4, 2010. Defendant removed the case to this Court on July 8, 2010 [1]. On August 16, 2010, Defendant filed its Motion to Dismiss or for a More Definite Statement [10]. Plaintiffs then sought leave to amend their Complaint [16] and responded to Defendant's first Motion to Dismiss [18]. In response, Defendant filed a Motion to Strike Plaintiffs' response to the Motion to Dismiss [20] and opposed Plaintiffs' Motion for Leave to Amend [21].

The Court granted Plaintiffs' Motion for Leave to Amend on September 21, 2010 [22].

Plaintiffs filed their Amended Complaint on September 30, 2010 [23], asserting state law claims of negligence, gross negligence, breach of the implied warranty of habitability, negligent infliction of emotional distress, breach of contract, and breach of the covenant of good faith and fair dealing. Plaintiffs claim that the apartment's maintenance issues caused damage to their personal property. Plaintiffs also claim that electrical problems in the apartment caused the HVAC unit to run constantly, which caused their power bills to be higher than they should be. Plaintiff David Irby, Jr. alleges that damaged flooring caused him to fall and suffer a head injury for which he received medical treatment. Plaintiffs Demontarius Irby and Dazihyeisha Irby allege that they have respiratory problems exacerbated by the apartment's conditions. Finally, Plaintiffs allege that they suffered emotional distress as a result of Defendant's failure to maintain the apartment in a habitable condition.

Defendant filed a Motion to Dismiss Plaintiffs' Amended Complaint or for a More Definite Statement and to Strike [24] on October 11, 2010.

## II. DISCUSSION

Both Defendant's first Motion to Dismiss [10] and Defendant's Motion to Strike [20] concern Plaintiff's initial Complaint. Plaintiffs have since filed an Amended Complaint [23]. Accordingly, the Court denies Defendant's Motion to Dismiss [10] and Motion to Strike [20] as moot.

Plaintiffs filed a timely response to Defendant's Motion to Dismiss the Amended Complaint or for a More Definite Statement, and to Strike [24] on October 17, 2010. Defendant did not file a rebuttal within the time allowed by the Local Rules. See L.U.Civ. R. 7(b)(4). Accordingly, that motion is now ripe for review.

*A.*     ***Rule 12(b)(6)***

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed to be true and are viewed in the light most favorable to the plaintiff." Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." Id. (citing Ashcroft v. Iqbal, 556 U.S. —, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sullivan v. Leor Energy LLC, 600 F.3d 542, 546 (5th Cir. 2010). While a plaintiff's complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." Id. (quoting Bell Atl Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (punctuation omitted). There is no formulaic approach to determining whether a plaintiff has stated a plausible claim for relief. Rather, it is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. —, 129 S. Ct. at 1950.

Defendant argues that Plaintiff's Amended Complaint should be dismissed under Rule 12(b)(6) because it fails to state facts sufficient to support a claim for relief. Defendant has not presented arguments specific to each cause of action brought by Plaintiff. Rather, Defendant merely argues that the Amended Complaint fails to allege the particular location within the apartment complex where the deficiencies arose or the particular time they arose.

As noted above, Plaintiffs do "not need detailed factual allegations" to survive a Rule 12(b)(6) motion.  Sullivan, 600 F.3d at 546.  They must merely "provide the grounds of [their] entitlement," utilizing more than mere "labels and conclusions."  Id.  "[A]n action for personal injuries resulting from the allegedly unsafe condition of leasehold property is, in essence, a negligence action governed by the familiar elements of that cause of action." Sweatt v. Murphy, 733 So. 2d 207, 211 (Miss. 1999) (citing O'Cain v. Harvey Freeman & Sons, 603 So. 2d 824, 833 (Miss. 1991) (concurring opinion)).  Accordingly, to satisfy Rule 12(b)(6) Plaintiffs must plead sufficient facts to show duty, breach, causation, and damage.  Id. at 211-12.

Plaintiffs allege that they were residents of the Evergreen Square Apartments, which are owned by Defendant.  They allege that their apartment had multiple maintenance issues – including flooding, mold, and plumbing problems which resulted in the expulsion of human waste.  They allege that Defendants had a duty to provide a safe apartment and to correct dangerous conditions reported by them.  They further allege that they repeatedly complained about said conditions, but Defendant never repaired them.  Finally, they allege that the conditions caused specific damages – including personal injuries and emotional distress.

The Rules of Civil Procedure "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955.  Generally, a plaintiff must only plead the facts necessary to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Id. at 555, 127 S. Ct. 1955. Plaintiffs have pled sufficient facts to state a plausible claim for the sort of negligence action contemplated by the Mississippi Supreme Court in Sweatt.  See Sweatt, 733 So. 2d at 211. Accordingly, the Court denies Defendant's Motion to Dismiss.

***B.***     ***Rule 12(e)***

Defendant argues, in the alternative, that the Court should order Plaintiffs to provide a more definite statement pursuant to Rule 12(e). Defendant contends that Plaintiffs should be required to allege: 1) further details concerning their emotional distress; 2) the specific location within the apartment complex where deficiencies arose; 3) the specific times when deficiencies arose; 4) the specific deficiencies of which Wimsatt complained; 5) the specific time and manner in which such complaints were made; 6) the specific issues with Plaintiffs' apartment which Defendant's employees stated its home office would not provide funds to repair; and 7) the specific place where Defendant's employees made such statements.

Rule 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). "In deciding whether to grant [a Rule 12(e) motion], the trial judge is given considerable discretion." DVI Bus. Credit Corp. v. Crowder, 193 F. Supp. 2d 1002, 1009 (S.D. Tex. 2002).

"Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored." Murungi v. Tex. Guar. Sallie Mae, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) (citing Mitchell v. E-Z Way Towers, Inc., 269 F.3d 126, 132 (5th Cir. 1959)). The "notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (citing Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)).

The Fifth Circuit Court of Appeals has further described the limitations of Rule 12(e):

> In view of the great liberality of F.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring the plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. It is to be noted that a motion for more definite statement is not to be used to assist in getting the facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose. Of course, the filing of defensive pleadings is not postponed by proceeding under these other rules.

Mitchell, 269 F.2d at 132. Discovery often functions to cure the factual shortcomings of a complaint, providing the defendant with ample opportunity to discover sufficient facts to try a case. Id. at 131. Furthermore, a movant's knowledge of its own records and operations may have bearing on the propriety of a Rule 12(e) order, insofar as such matters may affect the movant's ability to admit or deny the allegations of the complaint. Id. at 132 (". . . we find no statement or testimony adduced on the hearing on the motion to indicate why the defendants, from their knowledge of their own records and payrolls as well as their operations, would be unable to either admit or deny the allegations . . ."). 

The factual shortcomings of which Defendant complains are "matters that can be clarified and developed during discovery, not matters that impede [its] ability to form a responsive pleading." Arista Records LLC v. Greubel, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006). Plaintiffs have pled sufficient facts to describe a negligence action "for personal injuries resulting from the allegedly unsafe condition of leasehold property . . . ." Sweatt, 733 So. 2d at 211. Further, Defendant has not provided any argument or evidence indicating why it is unable to admit or deny Plaintiffs' allegations based on its own records and/or employees' recollections. See Mitchell, 269 F.3d at 132. While Plaintiffs may not have provided as many facts as they could have, the Court can not find that their Amended Complaint is "so vague or ambiguous that [Defendant] cannot reasonably prepare

a response." FED. R. CIV. P. 12(e). Accordingly, the Court denies Defendant's Motion for a More Definite Statement.

## C.    *Rule 12(f)*

Finally, Defendant contends that the Court should strike the following factual allegation from Plaintiffs' Amended Complaint: "In fact, by mid-summer 2008, only 162 of the 257 apartments in the complex with habitable according to the Tupelo Department of Planning and Development, which is responsible for inspecting and issuing certificates of occupancy for rental dwellings in Tupelo. The remaining units could not pass city inspection." Defendant also argues that the Court should strike Exhibit B to Plaintiff's Amended Complaint – four articles from a local newspaper which describe purported defects in the Evergreen Square Apartments, and the efforts of apartment residents to remedy said defects.

Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "The district court [has] ample discretion, under Rule 12(f) . . . to order stricken from the complaint any redundant or immaterial matter." In re Beef Industry Antitrust Litigation, 600 F.2d 1148, 1168 (5th Cir. 1979) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 at 807 (1969)). "Although unnecessary evidentiary details are usually not stricken from the complaint unless prejudicial or of no consequence to the controversy . . . , evidence pleading, as distinguished from the pleading of ultimate facts, is not favored under the Federal Rules." Id. at 1168-69 (citing FED. R. CIV. P. 8(a); Wright & Miller, supra, at 832-33). However, "partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts." Augustus v. Bd. of Pub. Instruction of Escambia

Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962). Striking material within a pleading is "a drastic remedy to be resorted to only when required for the purpose of justice" and "only when the [material] . . . has no possible relation to the controversy." Id.; see also FDIC v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex. 1993) ("Both because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and infrequently granted.").

Defendant urges that the allegation and exhibit noted above are immaterial to this case because the conditions of apartments in which Plaintiffs did not live is irrelevant to Plaintiffs' claims. Defendant further urges that the news articles are inadmissible hearsay. The Court will not rule on the potential admissibility of evidence at this early stage of litigation. There is currently no dispositive issue before the Court which requires it to address such admissibility issues, and the parties have not yet engaged in discovery. When the appropriate time comes, the Court may well exclude such material from consideration, but the Court declines to address such evidentiary issues before the parties have engaged in discovery.

As for Defendant's argument that the aforementioned allegation and exhibit are "scandalous" and "impermissibly prejudicial," the Court does not find the material at issue to be so different in kind or degree from the other allegations of Plaintiffs' Amended Complaint that it necessarily increases the "scandal" or "prejudice" inherent to Plaintiffs' causes of action. For all of these reasons, the Court denies Defendant's Motion to Strike.

### III. CONCLUSION

For the reasons stated above, the Court denies Defendant's Motion to Dismiss or for More Definite Statement [10] and Motion to Strike [20] as moot. The Court also denies Defendant's

Motion to Dismiss or for a More Definite Statement, and to Strike [24].  An order consistent with this opinion shall be entered on this, the 19th day of November, 2010.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**